## HANKERSON *versus* EMERY *&* als.

If the payee of a negotiable note indorse it "not holden" when overdue; but at the time of the transfer for full value, represents that all the signers thereto are holden to pay it, when in fact, by some act of his, one or more of them have been discharged; he may still be liable upon the note, but not as an *indorser*.

A release to *such payee* under seal, as to all liability on the note, for a consideration less than the amount due thereon, will make him competent as a witness for the holder.

The full payment of the *note* indorsed, would not impair the consideration of that *release*.

Under c. 192 of the Acts of 1846, the *proof* of usurious interest, which *affects* the costs in a suit, must be adduced at the *trial*.

The indorsement upon a note, *before suit brought upon it*, of the usurious interest, which was reserved at its inception, cannot deprive the plaintiff of his costs.

Hankerson *v.* Emery.

ON EXCEPTIONS from *Nisi Prius,* WELLS, J., presiding.

ASSUMPSIT on a promissory note signed "Josiah Emery, John C. Manter, James Cutts, surety."

It was payable to one Joseph Merry, and by him indorsed to plaintiff "not holden," when it was overdue.

The defendant Emery was defaulted. The other defendants pleaded the general issue, and relied for defence upon showing, that while Merry held the note, an agreement, for a valuable consideration, was made between him and Emery, to extend the time of payment, without the knowledge or consent of the other defendants; also usury in the inception of the note.

It was admitted, that when the note was given to Merry, $1,87, extra interest, was reserved in accordance with a previous agreement between Emery and him. This sum was indorsed on the note, as of its date, before this action was commenced, but neither of the defendants knew of the indorsement until the trial.

Proof was offered by defendants of the agreement by Merry with Emery, while holding the note, to extend the time of payment.

The plaintiff offered Merry, as a witness, who was objected to by defendants, and they showed that the plaintiff had said that Merry was holden upon the note; that he took it on the representation of Merry that the agreement was not absolute, and not to be binding unless assented to by Cutts, the other signer, and if it should prove otherwise, he, Merry, would be holden.

The Judge thereupon excluded the witness.

Afterwards, Merry paid plaintiff one dollar and gave him his note for $100,00, as the consideration of a discharge, which plaintiff gave him under seal, releasing him from all liability on account of the note in suit.

He was then admitted to testify, against the further objection of the defendants.

The correctness of the instructions to the jury was not contested in argument. A verdict was returned for plain-

tiff, and the defendants excepted to the ruling of the Judge. And it was agreed, that if the verdict should stand, all questions, touching the rights of the parties to recover costs on the facts in the case, should be reserved for the decision of the full Court.

*May* and *Cutler*, for defendants, relied upon the following points:—

1. The testimony of Merry was inadmissible; he was directly interested in this suit.

2. The release of plaintiff does not qualify him.

3. The payment of $101 by the witness to discharge himself from his liability upon the note, makes the witness an owner in the judgment to be recovered in proportion to the amount paid; viz., about three fourth parts, and the plaintiff will hold the money in trust for him when paid. Such judgment has the same effect as if the witness had paid the $101 as indorser of the note.

4. *Non constat* but that the witness paid back to the plaintiff all which the plaintiff paid for the note; and if so the whole note belongs to the witness. *Braman* v. *Hess*, 13 Johns. 52; *French* v. *Grindle*, 15 Maine, 163.

5. An indorsement is generally *prima facie* evidence of a full consideration paid; but it is otherwise when it is made without recourse; and it may well be presumed that the witness paid to the full extent of all which he received when he parted with the note; so that such payment now revests the whole interest in the note in himself. *Welch* v. *Lindo*, 7 Cranch, 159.

Upon the question of costs we say,—

1. That whoever takes a bill or promissory note after it is overdue, takes it subject to all existing equities, and, in the language of Chitty, "must stand in the situation of the person who was holden at the time it was due," and is clothed with all the advantages (and disadvantages) of the party from whom he received it. Chitty on Bills, 8th Am. ed. 243 and 245. In this case the matter relied on to entitle the defendant to costs, grows out of the incidents at-

tached to the note, and growing out of the note transaction itself, it is not a collateral matter. Stat. of 1846, c. 192; *Myrick* v. *Hasey*, 27 Maine, 9; *Hatch* v. *Dennis*, 10 Maine, 144.

2. The right of the payee of the note to his costs is incident to the note, and is such a right as the Courts will protect, and if an indorsee of a note overdue is not subjected to the same liability to costs as the indorser, then the statute of 1846 is a dead letter, and will always be avoided by an indorsement of the note. *Sawyer* v. *Bancroft*, 21 Pick. 210.

*H. Belcher*, for plaintiff, as to the admissibility of the witness, cited *Rice* v. *Stearns*, 3 Mass. 225; *Barker* v., *Prentiss*, 6 Mass. 430; *Parker* v. *Hanson*, 7 Mass. 470; *Williams* v. *Bugbee*, 6 Cush. 418; *Abbott* v. *Mitchell &* *al.*, 18 Maine, 354; *Berry* v. *Hall*, 33 Maine, 493.

In regard to the costs under the usury branch of the defence, he cited *Wing* v. *Dunn*, 24 Maine, 128, and *Cummings* v. *Blake*, 29 Maine, 105.

The damages in this case were not reduced by *proof* of usury, but by indorsement by an innocent holder for value.

TENNEY, J. — The only questions raised by the exceptions, which are relied upon in argument, are: — First, was Merry, the indorser of the note, after his release by the plaintiff, a competent witness for him? Second, is the plaintiff to be deprived of his costs of suit, and the defendants to have a judgment for their costs, on the ground of any usurious taint in the note?

The note in suit, being overdue, when it was negotiated, and indorsed by the payee, Merry, "not holden," the plaintiff, as the holder, is entitled to the amount due thereon, from the makers, unless there is proof of facts, not indicated by the note itself. If Merry, by any act of his, while he held the note, discharged one or more of the defendants, he was not liable to the plaintiff, in the character of indorser of negotiable paper, against his express stipula-

tion, before he was released. But his liability, if any, was the result of the receipt of the full value of the note, at the time of the transfer, purporting to be valid against all the signers.

If, from a belief of the indorser, that he was exposed to a suit, on account of his representation of the liability of all the makers, when a part were discharged, and he apprehended such suit would result in a judgment against him, he gave his own note for the sum of one hundred dollars and one dollar more in money for a release of the plaintiff, from all claim on account of the note, which he had transferred, as an agreed equivalent for the risk, under a full knowledge of all the facts, the note so given cannot be regarded as destitute of consideration. And the consideration would not fail by the payment of the full amount of the paper indorsed. The indorser has not paid by his note to the plaintiff, any portion of the debt, as an indorser in the legal sense of the term, having thereby an interest in the note, against one or more of the makers; but in the terms of the release, he is discharged of all liability on account of the note. It was manifestly the design of the plaintiff, and of Merry, that the former should continue to be the exclusive owner of the note, which he had purchased of the latter, who was willing to sustain a certain fixed loss in order to be relieved from the risk of a greater one; and the plaintiff chose to take the note of Merry for a sum less than that due on the note in suit, rather than be exposed to the failure of his action against the defendants, without his testimony, and thereupon driven to the uncertain remedy against him. No disqualifying interest in Merry, as a witness, is shown, after he was released by the plaintiff.

It was admitted, that when Merry took the note, the sum of $1,87, extra interest, was reserved in accordance with the previous agreement with Emery. But this sum was indorsed under a date corresponding with that of the note, before the commencement of this action. The damages therefore cannot be reduced by proof of such usurious in-

terest.  We are to understand the proof of usurious interest as used in the statute of 1846, c. 192, to be from the evidence adduced at the trial, and not that afforded by an indorsement therefor, before the institution of the suit, and this construction of the statute is similar to that given to the R. S. c. 69, § 7, in *Cummings* v. *Blake,* 29 Maine, 105.  *Exceptions overruled. — Judgment for the plaintiff on the verdict with costs.*

SHEPLEY, C. J., and HOWARD and APPLETON, J. J., concurred.